UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALISHA PROSSER,<br><br>         Plaintiff,<br><br> v.<br><br>STRATEGIC STUDENT SOLUTION, LLC,<br><br>         Defendant. | Case No. 2:16-cv-00743-APG-PAL<br><br>**ORDER TO SHOW CAUSE** |

   This matter is before the court on Defendant's failure to comply with this court's Order (ECF No. 10) requiring Defendant to (1) file a certificate of interested parties as required by LR 7.1-1, and (2) to retain counsel who shall make an appearance in accordance with the requirements of the Local Rules of Practice. The court's Order (ECF No. 10) entered August 16, 2016, required Defendant to retain counsel and file its certificate of interested parties no later than September 9, 2016, and further advised Defendant that its failure to timely comply with the court's order may result in sanctions. To date, Defendant has failed to comply with this court's order.

   **I.**  **Certificate of Interested Parties**

   The purpose of the certificate is to advise the court of all parties who may have an interest in the outcome of the case so that the assigned judges may evaluate whether they have a conflict of interest which requires recusal. Filing the certificate is a simple matter. Failing to comply with the Local Rules of Practice, the Federal Rules of Civil Procedure, and the court's orders may result in sanctions up to and including case-dispositive sanctions. If the Defendant knows of no other parties who may have an interest in the outcome of this case, a simple statement to that effect will suffice.

/ / /

## II. A Corporation Cannot Appear Except Through Counsel

A corporation cannot appear except through counsel. *See Rowland v. California Men's Colony,* 506 U.S. 194, 201-02 (1993); *United States v. High Broadcasting Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir. 1993). The Ninth Circuit has held that default judgment is an appropriate sanction for a corporation's failure to retain counsel for the duration of the litigation. *United States v. High Country Broadcasting*, 3 F.3d 1244, 1245 (9th Cir. 1993).

Accordingly,

**IT IS ORDERED** that Defendant shall show cause, in writing, **no later than October 5, 2016,** why sanctions should not be imposed for its failure to file a certificate as to interested parties, failure to obtain counsel, and failure to comply with this court's Order (ECF No. 10). Filing the certificate of interested parties which fully complies with LR 7.1-1 and obtaining counsel who shall make an appearance in accordance with the requirements of the Local Rules of Practice on or before **October 5, 2016**, will satisfy the court that sanctions are not warranted, and no further response to this order to show cause shall be required.

**IT IS FURTHER ORDERED** that Defendant's failure to timely comply with this order may result in the imposition of sanctions up to and including include a recommendation to strike the answer and/or entry of default judgment to the district judge.

DATED this 14th day of September, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE